UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD BENNETT,

          Petitioner,

v.                                 CASE NO. 04-CV-74500-DT
                                 HONORABLE PATRICK J. DUGGAN

ANDREW JACKSON,

          Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO STAY THE PROCEEDINGS,
STAYING CASE WITH CONDITIONS, AND
CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

At a session of said Court, held in the U.S. District
Courthouse, Eastern District
of Michigan on JUNE 16, 2005. _____

PRESENT:  HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

## I.  Introduction

Gerald Bennett ("Petitioner"), a state prisoner currently confined at the Mound

Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 raising two claims challenging his sentence.

Petitioner was convicted of breaking and entering with the intent to commit larceny

following a jury trial in the Livingston County Circuit Court and was sentenced as a third

habitual offender to 10 to 20 years imprisonment in 1999.  Respondent has filed an

1

answer to the petition, asserting that it should be denied for lack of merit.  This matter is before the Court on Petitioner's motion to stay the proceedings so that he may exhaust additional, unidentified constitutional claims in the state courts.

## II.      Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition.  *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1731 (1999).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process.  *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732.  This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before raising them in a federal habeas corpus petition.  *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A habeas petition containing both exhausted and unexhausted claims ordinarily must be dismissed in its entirety.  *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982).  However, the United States Supreme Court has recently held that a federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition.  *See Rhines v. Weber*, _ U.S. _, 125 S. Ct. 1528, 1534-35 (2005).

It appears from the pleadings that Petitioner has exhausted the claims contained in his present petition and that he seeks to have his case held in abeyance so that he may

2

properly exhaust state court remedies on additional claims.  Presumably Petitioner seeks a stay rather than a non-prejudicial dismissal due to concerns about the one-year statute of limitations applicable to habeas actions.  In *Rhines, supra,* the Supreme Court confirmed that a federal district court has discretion to retain jurisdiction over a habeas case and stay further proceedings pending the complete exhaustion of state remedies.  This stay and abeyance procedure is available in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court.  *Rhines*, 125 S. Ct. at 1535; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n. 1 (6th Cir. 2002) (noting that it is preferable for a district court to stay proceedings pending a habeas petitioner's exhaustion of state court remedies when the petitioner has filed a mixed petition containing both exhausted and unexhausted claims).

As noted, Petitioner's current habeas claims are exhausted.  He seeks to proceed on additional unexhausted constitutional claims in the state courts.  The one-year statute of limitations applicable to federal habeas actions poses some concern in this case.  Further, Petitioner asserts that he did not previously raise such claims in the state courts due to the ineffective assistance of appellate counsel.  Given *Rhines* and *Griffin*, this Court concludes that it has discretion to hold this matter in abeyance pending Petitioner's return to the state courts to exhaust additional claims.

**III.    Conclusion**

Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's motion to

3

stay the proceedings and **STAYS** this action so that Petitioner can fully exhaust state court remedies.  The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of this order if he has not already done so.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)).

Lastly, this case is **Closed for Administrative Purposes** pending compliance with these conditions.

**IT IS SO ORDERED**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Gerald Bennett, #151608
17601 Mound Road
Detroit, MI   48212

Janet A. Van Cleve, Esq.

4